

# The Attorney General of Texas

August 20, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable James A. Gray
Burleson County Attorney
Caldwell, Texas   77836

Opinion No.  MW-505

Re:   Selection   of   county
depository   owned   by   holding
company in which county judge
owns stock

Dear Mr. Gray:

You ask whether a bank is disqualified from serving as a county depository where the county judge is an officer and director of the bank and owns less than 1% of the issued and outstanding shares of the bank's capital stock.  You also ask if the same bank would be disqualified from serving as county depository where the county judge is an officer and director of the holding company which recently acquired the bank.  The judge owns 17% of the capital stock of the holding company.

Article 2529c, V.T.C.S., governs the issues raised by your opinion request, and it provides, in pertinent part:

> A bank shall not be disqualified from bidding and becoming the depository for any agency or political subdivision of the state by reason of having one or more officers, directors or stockholders of said bank who individually or collectively own or have a beneficial interest in not more than 10 percent of the bank's outstanding capital stock, and at the same time serves as a member of the board, commission, or other body charged by law with the duty of selecting the depository of such state agency or political subdivision; provided, however, that said bank must be selected as the depository by a majority vote of the members of the board, commission, or other body of such agency or political subdivision and no member thereof who is an officer, director or stockholder of the bank shall vote or participate in the proceedings.

V.T.C.S. art. 2529c, §2.   Attorney General Opinion H-596 (1975) is dispositive of your first inquiry.   Therein, we determined that, in accordance with article 2529c, section 2, V.T.C.S., a bank could serve as county depository where the county judge owned stock in the bank and served on the board of directors if the members of the commissioners court did not collectively own more than 10% of the bank stock and interested members did not participate in the vote.   You have not stated whether any other member of the commissioners court owns or has a beneficial interest in the stock of the bank in question.   Assuming that the county judge is the only member of the commissioners court with an interest in the bank stock, his ownership of less than 1% of the outstanding capital stock clearly would not serve to disqualify the bank so long as the county judge does not participate in the selection process.   If other members of the commissioners court also have an interest in the bank stock, the bank would not be disqualified unless the <u>collective</u> interest of the members exceeds 10%.

Your inquiry regarding the county judge's ownership of 17% of the outstanding capital stock of the bank holding company is not susceptible to a definite answer.   If the bank holding company is a one-bank holding company where the bank is the corporation's sole asset, the likelihood is that the county judge then has a "beneficial interest" in more than 10% of the bank's outstanding stock.   In such a case, the bank would clearly be disqualified from serving as a county depository.   If the bank holding company is a multi-bank holding company, the judge's beneficial interest would have to be determined on an individual basis.

S U M M A R Y

A bank is not disqualified from serving as a county depository where an officer, director, and 1% shareholder of the bank is the county judge, so long as the county judge does not participate in the voting on the selection of the county depository and his interest in the bank stock combined with that of any other members of the commissioners court does not exceed 10%.   The bank may be disqualified by virtue of the county judge's ownership of 17% of the outstanding capital stock of the bank holding company, depending upon the judge's resulting "beneficial interest" in the bank stock.

Very truly yours,

MARK   WHITE
Attorney General of Texas

p. 1821

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Catherine B. Fryer
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Catherine B. Fryer
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Bruce Youngblood